# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **INDICTMENT** |
| Plaintiff, | Criminal No. *15-075(JAF)* |
| v. | |
| **[1] Oscar Martinez-Hernandez,** a.k.a. "Cali," (Counts 1 through 6) | **Violations:** |
| **[2] Angel D. Ramos Cruz,** a.k.a. "Api," (Counts 1 through 6) | 18 U.S.C. § 1114 |
| | 18 U.S.C. § 2 |
| **[3] Miguel Diaz Rivera,** a.k.a. "Bolo," (Counts 1 through 6) | 18 U.S.C. § 1117 |
| | 18 U.S.C. § 1958 |
| **[4] Juan Quinones Melendez,** a.k.a. "El Manco," (Counts 1 through 6) | 18 U.S.C. § 924 |
| **[5] Orlando Mojica Rodriguez,** a.k.a. "Yogui," (Counts 1 through 6) | |
| **[6] Jayson Rodriguez-Gonzalez,** a.k.a. "Gonzo," (Counts 1 through 6) | **(SIX COUNTS)** |
| **[7] Carlos Rosado-Rosado,** a.k.a. "Cano," (Counts 1 through 6) | |
| **[8] Alexander Rosario de Leon,** a.k.a. "Coquí," (Counts 1 through 6) | **Forfeiture:** |
| **[9] Jancarlos Velázquez Vázquez,** a.k.a. "Jan," (Counts 1 through 6) | 21 U.S.C. § 853 |
| | 28 U.S.C. § 2461(c) |
| Defendants. | |

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR
2015 JAN 28  PM 12: 33

**THE GRAND JURY CHARGES**:

### COUNT ONE
### (MURDER – Protection of Officers and Employees of the United States)

On or about February 26, 2013, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 2

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 2 of 27

[1] Oscar Martinez-Hernández,
a.k.a. "Cali,"

[2] Angel D. Ramos Cruz
a.k.a. "Api,"

[3] Miguel Diaz Rivera,
a.k.a. "Bolo,"

[4] Juan Quiñones Meléndez,
a.k.a. "El Manco,"

[5] Orlando Mojica Rodriguez,
a.k.a. "Yogui,"

[6] Jayson Rodriguez-Gonzalez,
a.k.a. "Gonzo,"

[7] Carlos Rosado-Rosado,
a.k.a. "Cano,"

[8] Alexander Rosario de León,
a.k.a. "Coquí,"

[9] Jancarlos Velázquez Vázquez,
a.k.a. "Jan,"

the defendants herein, together with other persons known and unknown to the Grand Jury, aiding

and abetting each other, did, with premeditation and malice aforethought, unlawfully kill

Lieutenant Osvaldo Albarati Casanas, a Federal Bureau of Prisons Correctional Officer, an

officer and employee of the United States, while Lieutenant Albarati was engaged in and on

account of the performance of his official duties.

All in violation of Title 18, United States Code, Sections 2, 1111 and 1114.

Indictment  Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 3 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 3

## COUNT TWO
## (CONSPIRACY TO MURDER)

From in or about February 1, 2013 through May 1, 2013, in the District of Puerto Rico

and elsewhere within the jurisdiction of this Court,

**[1] Oscar Martinez-Hernández,
a.k.a. "Cali,"**

**[2] Angel D. Ramos Cruz,
a.k.a. "Api,"**

**[3] Miguel Diaz Rivera,
a.k.a. "Bolo,"**

**[4] Juan Quiñones Meléndez,
a.k.a. "El Manco,"**

**[5] Orlando Mojica Rodriguez,
a.k.a. "Yogui,"**

**[6] Jayson Rodriguez-Gonzalez,
a.k.a. "Gonzo,"**

**[7] Carlos Rosado-Rosado,
a.k.a. "Cano,"**

**[8] Alexander Rosario de León,
a.k.a. "Coquí,"**

**[9] Jancarlos Velázquez Vázquez,
a.k.a. "Jan,"**

the defendants herein, did knowingly and intentionally combine, confederate, and agree together

and with each other and other persons, known and unknown to the Grand Jury, to violate Title

18, United States Code, Section 1114 (Murder of an Officer/Employee of the United States), did,

with premeditation and malice aforethought, unlawfully kill Lieutenant Osvaldo Albarati

Casanas, a Federal Bureau of Prisons Correctional Officer, an officer and employee of the United

States, while Lieutenant Albarati was engaged in and on account of the performance of his

official duties.

Indictment
U.S. v. [I] Martinez-Hernandez, et al.
Page 4

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 4 of 27

**Object of the Conspiracy**

The purpose and object of the conspiracy was that defendants would carry out the murder of Lieutenant Osvaldo Albarati Casanas, thereby eliminating him as a correctional officer at the Metropolitan Detention Center, and as a means of ensuring that the officer would no longer exercise his substantial investigative authority against the defendants, and be unable to conduct seizures of contraband, including cellular phones, which were forbidden at the detention facility.

**Manner and Means of the Conspiracy**

The manner and means by which the defendants sought to accomplish the objectives of the conspiracy included, among others, the following:

1.      Defendants **[1] Oscar Martinez Hernández a.k.a. "Cali," [2] Angel D. Ramos Cruz a.k.a. "Api"** and **[3] Miguel Diaz Rivera a.k.a. "Bolo"** solicited another person(s) to murder Bureau of Prison Correctional Officer Lieutenant Albarati.

2.      Defendants **[1] Oscar Martinez Hernández a.k.a. "Cali," [2] Angel D. Ramos Cruz a.k.a. "Api," [3] Miguel Diaz Rivera a.k.a. "Bolo"** and other person(s) unknown to the Grand Jury, financed the plan to murder Lieutenant Albarati.

3.      Defendant **[2] Angel D. Ramos Cruz a.k.a. "Api"** served as an intermediary between **[1] Oscar Martinez Hernández a.k.a. "Cali," [3] Miguel Diaz Rivera a.k.a. "Bolo"** and **[4] Juan Quiñones Melendez a.k.a. "El Manco"** communicating about the plan to murder Lieutenant Albarati.

4.      Defendant **[9] Jancarlos Velázquez Vázquez a.k.a. "Jan"** served as **[4] Juan Quiñones Melendez' a.k.a. "El Manco"** driver and participated in the plan to murder Lieutenant Albarati.

5.      Defendant **[3] Juan Quiñones Melendez a.k.a. "El Manco"** hired and promised

Indictment Case 3:15-cr-00075-GAG Document 3 Filed 01/28/15 Page 5 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 5

to provide payment to defendants **[6] Jayson Rodriguez-Gonzalez a.k.a. "Gonzo," [7] Carlos Rosado-Rosado a.k.a. "Cano" and [8] Alexander Rosario de León a.k.a. "Coquí"** to shoot and kill Lieutenant Albarati.

      6.     Defendants **[4] Juan Quiñones Melendez a.k.a. "El Manco"** and **Orlando Mojica Rodriguez a.k.a. "Yogi"** provided a vehicle, four (4) Glock .40 fully automatic pistols and a cellular phone to defendants **[6] Jayson Rodriguez-Gonzalez, a.k.a. "Gonzo," [7] Carlos Rosado-Rosado, a.k.a. "Cano" and [8] Alexander Rosario de León, a.k.a. "Coquí"** to murder Lieutenant Albarati.

### Overt Acts

    In furtherance of such agreement and conspiracy and to effect the objects thereof, the defendants and unindicted co-conspirators committed the following overt acts, among others:

      1.     Between in or about February 1, 2013 and February 26, 2013, defendants **[1] Oscar Martinez Hernández a.k.a. "Cali," [2] Angel D. Ramos Cruz a.k.a. "Api"** and **[3] Miguel Diaz Rivera a.k.a. "Bolo"** solicited another person(s) to murder Bureau of Prison Correctional Officer Lieutenant Albarati.

      2.     Between in or about February 1, 2013 and May 1, 2013, defendants **[1] Oscar Martinez Hernández a.k.a. "Cali," [2] Angel D. Ramos Cruz a.k.a. "Api," [3] Miguel Diaz Rivera a.k.a. "Bolo"** and others unknown to the Grand Jury, financed the plan to murder Lieutenant Albarati.

      3.     Between in or about February 1, 2013 and February 26, 2013, defendant **[2] Angel D. Ramos Cruz a.k.a. "Api"** served as an intermediary between **[1] Oscar Martinez Hernández a.k.a. "Cali," [3] Miguel Diaz Rivera a.k.a. "Bolo"** and **[4] Juan Quiñones Melendez a.k.a. "El Manco"** communicating about the plan to murder Lieutenant Albarati.

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 6

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 6 of 27

4.      Between in or about February 1, 2013 and May 1, 2013, defendant **[9] Jancarlos Velázquez Vázquez a.k.a. "Jan"** served as **[4] Juan Quiñones Melendez' a.k.a. "El Manco"** driver and participated in the plan to murder Lieutenant Albarati.

5.      Between in or about February 1, 2013 and May 1, 2013, defendant **[4] Juan Quiñones Melendez a.k.a. "El Manco"** promised to provide payment to defendants **[6] Jayson Rodriguez-Gonzalez a.k.a. "Gonzo," [7] Carlos Rosado-Rosado a.k.a. "Cano"** and **[8] Alexander Rosario de León a.k.a. "Coquí"** to shoot and kill Lieutenant Albarati.

6.      On or about February 26, 2013, defendants **[4] Juan Quiñones Melendez a.k.a. "El Manco"** and **[5] Orlando Mojica Rodriguez a.k.a. "Yogui"** provided a vehicle, four (4) Glock .40 fully automatic pistols and a cellular phone to defendants **[6] Jayson Rodriguez-Gonzalez a.k.a. "Gonzo," [7] Carlos Rosado-Rosado a.k.a. "Cano"** and **[8] Alexander Rosario de León a.k.a. "Coquí"** to murder Lieutenant Albarati.

7.      On or about February 26, 2013, defendant **[2] Angel D. Ramos Cruz a.k.a. "Api"** communicated with **[7] Carlos Rosado-Rosado, a.k.a. "Cano"** at least four (4) times regarding Lieutenant Albarati's whereabouts, Lieutenant Albarati's departure from the Metropolitan Detention Center in Guaynabo, Puerto Rico, and after Lieutenant Albarati's murder.

8.      On or about February 26, 2013, defendants **[6] Jayson Rodriguez-Gonzalez a.k.a. "Gonzo," [7] Carlos Rosado-Rosado a.k.a. "Cano"** and **[8] Alexander Rosario de León a.k.a. "Coquí"** shot and killed Lieutenant Albarati.

All in violation of Title 18, United States Code, Sections 1111, 1114 and 1117.

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 7

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 7 of 27

## COUNT THREE
## (MURDER FOR HIRE)

Counts One and Two of this Indictment are realleged and incorporated by reference as though set forth fully herein.  On or about February 26, 2013, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**[1] Oscar Martinez-Hernández,**
**a.k.a. "Cali,"**

**[2] Angel D. Ramos Cruz**
**a.k.a. "Api,"**

**[3] Miguel Diaz Rivera,**
**a.k.a. "Bolo,"**

**[4] Juan Quiñones Meléndez,**
**a.k.a. "El Manco,"**

**[5] Orlando Mojica Rodriguez,**
**a.k.a. "Yogui,"**

**[6] Jayson Rodriguez-Gonzalez,**
**a.k.a. "Gonzo,"**

**[7] Carlos Rosado-Rosado,**
**a.k.a. "Cano,"**

**[8] Alexander Rosario de León,**
**a.k.a. "Coquí,"**

**[9] Jancarlos Velázquez Vázquez,**
**a.k.a. "Jan,"**

the defendants herein, together with other persons known and unknown to the Grand Jury, aiding and abetting each other, did, knowingly and intentionally use and cause another to use a facility of interstate commerce, a vehicle, with intent that the murder of Lieutenant Osvaldo Albarati Casanas be committed in violation of the laws of the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, things of pecuniary value.

All in violation of Title 18, United States Code, Sections 1958 and 2.

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 8

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 8 of 27

## COUNT FOUR
### (Conspiracy - MURDER FOR HIRE)

Counts One through Three of this Indictment are realleged and incorporated by reference as though set forth fully herein. From in or about February 1, 2013 through May 1, 2013, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**[1] Oscar Martinez-Hernández,
a.k.a. "Cali,"**

**[2] Angel D. Ramos Cruz
a.k.a. "Api,"**

**[3] Miguel Diaz Rivera,
a.k.a. "Bolo,"**

**[4] Juan Quiñones Meléndez,
a.k.a. "El Manco,"**

**[5] Orlando Mojica Rodriguez,
a.k.a. "Yogui,"**

**[6] Jayson Rodriguez-Gonzalez,
a.k.a. "Gonzo,"**

**[7] Carlos Rosado-Rosado,
a.k.a. "Cano,"**

**[8] Alexander Rosario de León,
a.k.a. "Coquí,"**

**[9] Jancarlos Velázquez Vázquez,
a.k.a. "Jan,"**

the defendants herein, did knowingly and intentionally combine, confederate, and agree together and with each other and other persons, known and unknown to the Grand Jury, to use and cause another to use a facility of interstate commerce, a vehicle, with intent that the murder of Lieutenant Osvaldo Albarati Casanas be committed in violation of the laws of the United States

Indictment
U.S. v. [I] Martinez-Hernandez, et al.
Page 9

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 9 of 27

as consideration for the receipt of, and as consideration for a promise and agreement to pay, things of pecuniary value.

All in violation of Title 18, <u>United States Code</u>, Section 1958.

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 10

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 10 of 27

## COUNT FIVE
### (Carry and Use of a Firearm in Relation to Crime of Violence - Murder)

On or about February 26, 2013, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court,

**[1] Oscar Martinez-Hernández,**
**a.k.a. "Cali,"**

**[2] Angel D. Ramos Cruz**
**a.k.a. "Api,"**

**[3] Miguel Diaz Rivera,**
**a.k.a. "Bolo,"**

**[4] Juan Quiñones Meléndez,**
**a.k.a. "El Manco,"**

**[5] Orlando Mojica Rodriguez,**
**a.k.a. "Yogui,"**

**[6] Jayson Rodriguez-Gonzalez,**
**a.k.a. "Gonzo,"**

**[7] Carlos Rosado-Rosado,**
**a.k.a. "Cano,"**

**[8] Alexander Rosario de León,**
**a.k.a. "Coquí,"**

**[9] Jancarlos Velázquez Vázquez,**
**a.k.a. "Jan,"**

the defendants herein, aiding and abetting each other, and others known and unknown to the

Grand Jury, did knowingly carry and use a firearm, as defined in Title 18, United States Code,

Section 921(a)(3), that is, four Glock .40 caliber firearms with unknown serial numbers, during

and in relation to a crime of violence, as that term is defined in Title 18, United States Code,

Section 924(c)(3), for which they may be prosecuted in a Court of the United States, to wit, a

violation of Title 18, United States Code, Section 1114, as charged in Count One of the

Indictment, which is realleged and incorporated by reference herein, and in the course of that

Indictment   Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 11 of 27
U.S. v. [I] Martinez-Hernandez, et al.
Page 11

crime, the defendants did cause the death of Lieutenant Osvaldo Albarati Casanas, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Lieutenant Osvaldo Albarati Casanas by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 12

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 12 of 27

## COUNT SIX

### (Carry and Use of a Firearm During in Relation to Crime of Violence – Murder for Hire)

On or about February 26, 2013, in the District of Puerto Rico and elsewhere within the

jurisdiction of this Court,

**[1] Oscar Martinez-Hernández,**
**a.k.a. "Cali,"**

**[2] Angel D. Ramos Cruz**
**a.k.a. "Api,"**

**[3] Miguel Diaz Rivera,**
**a.k.a. "Bolo,"**

**[4] Juan Quiñones Meléndez,**
**a.k.a. "El Manco,"**

**[5] Orlando Mojica Rodriguez,**
**a.k.a. "Yogui,"**

**[6] Jayson Rodriguez-Gonzalez,**
**a.k.a. "Gonzo,"**

**[7] Carlos Rosado-Rosado,**
**a.k.a. "Cano,"**

**[8] Alexander Rosario de León,**
**a.k.a. "Coquí,"**

**[9] Jancarlos Velázquez Vázquez,**
**a.k.a. "Jan,"**

the defendants herein, aiding and abetting each other, and others known and unknown to the

Grand Jury, did knowingly carry and use a firearm, as defined in Title 18, United States Code,

Section 921(a)(3), that is, four Glock .40 caliber firearms with unknown serial numbers, during

and in relation to a crime of violence, as that term is defined in Title 18, United States Code,

Section 924(c)(3), for which they may be prosecuted in a Court of the United States, to wit, a

violation of Title 18, United States Code, Section 1958, as charged in Count Three of the

Indictment   Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 13 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 13

Indictment, which is realleged and incorporated by reference herein, and in the course of that crime, the defendants did cause the death of Lieutenant Osvaldo Albarati Casanas, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Lieutenant Osvaldo Albarati Casanas by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2.

Indictment Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 14 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 14

### Notice of Special Findings for Counts One, Three, Five and Six
### [1] Oscar Martinez-Hernández a.k.a. "Cali"

1.      Counts One, Three, Five and Six of this Indictment are hereby realleged and adopted by reference.

2.      It is further alleged that:

    (a)      The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

    (b)      The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas. (18 U.S.C. § 3591(a)(2)(A)).

    (c)      The defendant intentionally inflicted serious bodily injury that resulted in the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(B)).

    (d)      The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

    (e)      The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

    (f)      The defendant has previously been convicted of a violent felony involving a firearm.  (18 U.S.C. § 3592(c)(2)).

Indictment   Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 15 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 15

(g)     The defendant has previously been convicted of an offense for which a sentence of death or life imprisonment was authorized. (18 U.S.C. § 3592 (c)(3)).

(h)     The defendant has previously been convicted of two or more State offenses punishable by a term of imprisonment of more than 1 year involving the infliction of death upon another person. (18 U.S.C. § 3592(c)(4)).

(i)     The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more person in addition to the victim of the offense. (18 U.S.C. § 3592(c)(5)).

(j)     The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value. (18 U.S.C. § 3592(c)(7)).

(k)     The defendant committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592(c)(9)).

(l)     The defendant has been previously been convicted of 2 or more State and Federal offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of controlled substances. (18 U.S.C. § 3592(c)(10)).

(m)     The defendant has been previously convicted of a serious drug offense for which a sentence of 5 years or more was imposed. (18 U.S.C. § 3592(c)(12)).

(n)     The defendant committed the offense against an employee of a United States correctional institution. (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 16

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 16 of 27

## Notice of Special Findings for Counts One, Three, Five and Six
### [2] Angel D. Ramos Cruz a.k.a. "Api"

1.      Counts One, Three, Five and Six of this Indictment are hereby realleged and adopted by reference.

2.      It is further alleged that:

(a)     The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

(b)     The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas. (18 U.S.C. § 3591(a)(2)(A)).

(c)     The defendant intentionally inflicted serious bodily injury that resulted in the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(B)).

(d)     The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

(e)     The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

Indictment    Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 17 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 17

(f)      The defendant has previously been convicted of a violent felony involving

a firearm.  (18 U.S.C. § 3592(c)(2)).

(g)      The defendant has previously been convicted of a State/Federal offense

punishable by a term of imprisonment of more than 1 year.  (18 U.S.C. §

3592(c)(4)).

(h)      The defendant, in the commission of the offense, knowingly created a

grave risk of death to one or more person in addition to the victim of the

offense.  (18 U.S.C. § 3592(c)(5)).

(i)      The defendant procured the commission of the offense by payment, or

promise of payment, of anything of pecuniary value.  (18 U.S.C. §

3592(c)(7)).

(j)      The defendant committed the offense after substantial planning and

premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(k)      The defendant has been previously convicted of a serious drug offense for

which a sentence of 5 years or more was imposed. (18 U.S.C. §

3592(c)(12)).

(l)      The defendant committed the offense against an employee of a United

States correctional institution.  (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment  Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 18 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 18

## Notice of Special Findings for Counts One, Three, Five and Six
### [3] Miguel Diaz Rivera a.k.a. "Bolo"

1.      Counts One, Three, Five and Six of this Indictment are hereby realleged and adopted by reference.

2.      It is further alleged that:

(a)     The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

(b)     The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas. (18 U.S.C. § 3591(a)(2)(A)).

(c)     The defendant intentionally inflicted serious bodily injury that resulted in the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(B)).

(d)     The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

(e)     The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

(f)     The defendant has previously been convicted of a violent felony involving a firearm.  (18 U.S.C. § 3592(c)(2)).

Indictment   Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 19 of 27
U.S. v. [1] Martinez-Hernandez, et al.
Page 19

(g)     The defendant has previously been convicted of two or more State

offenses punishable by a term of imprisonment of more than 1 year,

involving the infliction of death upon another person.  (18 U.S.C. §

3592(c)(4)).

(h)     The defendant procured the commission of the offense by payment, or

promise of payment, of anything of pecuniary value.  (18 U.S.C. §

3592(c)(7)).

(i)     The defendant committed the offense after substantial planning and

premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(j)     The defendant has been previously been convicted of 2 or more State and

Federal offenses punishable by a term of imprisonment of more than one

year, committed on different occasions, involving the distribution of

controlled substances. (18 U.S.C. § 3592(c)(10)).

(k)     The defendant has been previously convicted of a serious drug offense for

which a sentence of 5 years or more was imposed. (18 U.S.C. §

3592(c)(12)).

(l)     The defendant committed the offense against an employee of a United

States correctional institution.  (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 20

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 20 of 27

## Notice of Special Findings for Counts One, Three, Five and Six
### [4] Juan Quiñones Meléndez a.k.a. "El Manco"

1.       Counts One, Three, Five and Six of this Indictment are hereby realleged and

adopted by reference.

2.       It is further alleged that:

(a)      The defendant was eighteen (18) years of age or older at the time of the

offense.  (18 U.S.C. § 3591(a)).

(b)      The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas.

(18 U.S.C. § 3591(a)(2)(A)).

(c)      The defendant intentionally inflicted serious bodily injury that resulted in

the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. §

3591(a)(2)(B)).

(d)      The defendant intentionally participated in an act, contemplating that the

life of a person would be taken and intending that lethal force would be

used in connection with a person, other than one of the participants in the

offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a

direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

(e)      The defendant intentionally and specifically engaged in an act of violence,

knowing that the act created a grave risk of death to a person, other than

one of the participants in the offense, such that participation in the act

constituted a reckless disregard for human life and the victim, Lieutenant

Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. §

3591(a)(2)(D)).

(f)      The defendant has previously been convicted of a violent felony involving

a firearm.  (18 U.S.C. § 3592(c)(2)).

Indictment
U.S. v. [I] Martinez-Hernandez, et al.
Page 21

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 21 of 27

(g)     The defendant has previously been convicted of two or more State/Federal offenses punishable by a term of imprisonment of more than 1 year.  (18 U.S.C. § 3592(c)(4)).

(h)     The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more person in addition to the victim of the offense.  (18 U.S.C. § 3592(c)(5)).

(i)     The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value.  (18 U.S.C. § 3592(c)(7)).

(j)     The defendant committed the offense as consideration for the receipt, and in the expectation of the receipt, of something of pecuniary value.  (18 U.S.C. § 3592(c)(8)).

(k)     The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(l)     The defendant committed the offense against an employee of a United States correctional institution.  (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 22

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 22 of 27

### Notice of Special Findings for Counts One, Three, Five and Six
### [5] Orlando Mojica Rodriguez a.k.a. "Yogui"

1.     Counts One, Three, Five and Six of this Indictment are hereby realleged and adopted by reference.

2.     It is further alleged that:

(a)     The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

(b)     The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas. (18 U.S.C. § 3591(a)(2)(A)).

(c)     The defendant intentionally inflicted serious bodily injury that resulted in the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(B)).

(d)     The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

(e)     The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

(f)     The defendant has previously been convicted of a violent felony involving a firearm.  (18 U.S.C. § 3592(c)(2)).

Indictment
U.S. v. [I] Martinez-Hernandez, et al.
Page 23

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 23 of 27

(g)     The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more person in addition to the victim of the offense.  (18 U.S.C. § 3592(c)(5)).

(h)     The defendant committed the offense as consideration for the receipt, and in the expectation of the receipt, of something of pecuniary value.  (18 U.S.C. § 3592(c)(8)).

(i)     The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(j)     The defendant committed the offense against an employee of a United States correctional institution.  (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 24

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 24 of 27

## Notice of Special Findings for Counts One, Three, Five and Six
### [6] Jayson Rodriguez-Gonzalez a.k.a. "Gonzo"

1.      Counts One, Three, Five and Six of this Indictment are hereby realleged and adopted by reference.

2.      It is further alleged that:

(a)      The defendant was eighteen (18) years of age or older at the time of the offense.  (18 U.S.C. § 3591(a)).

(b)      The defendant intentionally killed Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(A)).

(c)      The defendant intentionally inflicted serious bodily injury that resulted in the death of Lieutenant Osvaldo Albarati Casanas.  (18 U.S.C. § 3591(a)(2)(B)).

(d)      The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C)).

(e)      The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Lieutenant Osvaldo Albarati Casanas, died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(D)).

(g)      The defendant, in the commission of the offense, knowingly created a

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 25

Case 3:15-cr-00075-GAG   Document 3   Filed 01/28/15   Page 25 of 27

grave risk of death to one or more person in addition to the victim of the

offense.  (18 U.S.C. § 3592(c)(5)).

(h)     The defendant committed the offense as consideration for the receipt, and

in the expectation of the receipt, of something of pecuniary value.  (18

U.S.C. § 3592(c)(8)).

(i)     The defendant committed the offense after substantial planning and

premeditation to cause the death of a person.  (18 U.S.C. § 3592(c)(9)).

(j)     The defendant committed the offense against an employee of a United

States correctional institution.  (18 U.S.C. § 3592(c)(14)(D)(ii)).

Indictment
U.S. v. [1] Martinez-Hernandez, et al.
Page 26

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 26 of 27

## FORFEITURE

As a result of committing the murder, murder for hire and firearms offense charged in

Counts One through Six of this Indictment,

### [1] Oscar Martinez-Hernández,

a.k.a. "Cali,"

### [2] Angel D. Ramos Cruz
a.k.a. "Api,"

### [3] Miguel Diaz Rivera,
a.k.a. "Bolo,"

### [4] Juan Quiñones Meléndez,
a.k.a. "El Manco,"

### [5] Orlando Mojica Rodriguez,
a.k.a. "Yogui,"

### [6] Jayson Rodriguez-Gonzalez,
a.k.a. "Gonzo,"

### [7] Carlos Rosado-Rosado,
a.k.a. "Cano,"

### [8] Alexander Rosario de León,
a.k.a. "Coquí,"

### [9] Jancarlos Velázquez Vázquez,
a.k.a. "Jan,"

the defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code,

Section 853, any and all property constituting or derived from any proceeds the defendant

obtained directly or indirectly as a result of the offense and any and all property used or intended

to be used in any manner or part to commit and to facilitate the commission of the offense

charged in Counts One through Six of this Indictment.

If any of the above-described forfeitable property, as a result of any act or omission of the

defendants:

Indictment
U.S. v. [1] Martínez-Hernández, et al.
Page 27

Case 3:15-cr-00075-GAG    Document 3    Filed 01/28/15    Page 27 of 27

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property. (Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Title 21, United States Code, Section 853(p).)

TRUE BILL

FOREPERSON
DATE: 1/28/2015

**ROSA EMILIA RODRÍGUEZ-VÉLEZ
UNITED STATES ATTORNEY**

María Domínguez
Assistant United States Attorney
First Assistant United States Attorney

Julia Diaz-Rex
Assistant United States Attorney